**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ILLYA ERWIN,
                    Appellant,

          v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
SF-315H-14-0321-I-1

DATE: August 20, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charles H. Brower</u>, Esquire, and <u>Michael Healy</u>, Esquire, Honolulu,
      Hawaii, for the appellant.

<u>Geovanny Rojas</u> and <u>Harold G. Murray</u>, Schofield Barracks, Hawaii, for
      the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2		Effective February 11, 2013, the appellant received a career-conditional appointment to the competitive service position of Nurse, GS-0610-11, with duties in Honolulu, Hawaii. Initial Appeal File (IAF), Tab 1 at 11. There is no dispute that his appointment was subject to completion of a 1-year probationary period. *Id.* The agency terminated the appellant effective February 6, 2014, for lack of candor. *Id.* at 9.

¶3		The appellant timely filed a Board appeal, alleging that his probationary period had ended by the time of his termination because more than 1 year had passed since the date that he signed the appointment agreement on January 17, 2013. *Id.* at 6. The appellant further alleged that he was terminated because of his lack of military status, age, sex, and race, and in reprisal for whistleblowing. *Id.* He further alleged that the agency committed procedural error by failing to provide him with adequate notice of his termination and that the decision letter contained false statements of facts. *Id.* The appellant also requested a hearing. *Id.* at 3.

¶4       Because less than a calendar year had elapsed between the appellant's effective hiring date and date of termination, the administrative judge ordered him to file evidence and argument as to whether Board jurisdiction existed over his appeal and apprised him of his burdens to meet this standard.  IAF, Tab 2. Rather than respond directly to the order, the appellant informed the administrative judge that he had filed a whistleblower reprisal claim with the Office of Special Counsel (OSC) and an initial complaint "with the EEO."  IAF, Tab 5.  The agency then moved to dismiss, arguing that the appellant failed to meet his burden to establish jurisdiction and that the agency provided the appellant with all of the notice entitled to a probationary employee.  IAF, Tab 6 at 7-8.  In his supplemental responses, the appellant alleged that he was no longer a probationary employee because the total number of hours worked when he was terminated was equivalent to a calendar year's worth of work and because he had "filed a complaint" with both the "EEO" and "DOD/Office of Inspector General." IAF, Tab 7 at 4, Tab 8 at 3.  The agency did not respond.

¶5       The administrative judge issued an initial decision without holding the requested hearing.  IAF, Tab 9, Initial Decision (ID) at 8.  The administrative judge found that the appellant failed to nonfrivolously allege that he qualified as an employee under 5 U.S.C. § 7511(a)(1)(A)(i) or (ii).  ID at 5-6.  The administrative judge further found that the appellant failed to make a nonfrivolous allegation of jurisdiction under 5 C.F.R. §§ 315.805 and 315.806, because he failed to assert that the lack of candor infraction was related to pre-appointment conduct and because he did not allege discrimination based on marital status or partisan political reasons.  ID at 6.  Finally, because the appellant did not establish exhaustion of administrative remedies with OSC, the administrative judge found that the Board lacked jurisdiction over his

whistleblower claims as an individual right of action (IRA) appeal.  ID at 6-8.[2] Because the appellant failed to raise an otherwise appealable action, the administrative judge found that the Board lacked jurisdiction to hear his allegations of unlawful discrimination, procedural errors, and prohibited personnel practices.  ID at 8.

¶6    In his petition for review, again, rather than disputing that his appointment was subject to completion of a 1-year probationary period, the appellant reiterates his allegation that he was no longer a probationer at the time of his termination and that the agency failed to comply with the process required by 5 C.F.R. § 315.805, Petition for Review (PFR) File, Tab 1 at 4.  The appellant further alleges that the agency's lack of candor finding is directly contradicted by the Hawaii Unemployment Insurance Division's finding that he was not disqualified from state unemployment benefits because he was "not discharged for misconduct connected to work."[3]  *Id.* at 5.  The agency has filed a response, arguing in favor of dismissal for lack of jurisdiction.  PFR File, Tab 4 at 3.[4]

---

[2] The administrative judge notified the appellant that, should he exhaust before OSC, the Board may have jurisdiction over a future IRA appeal.  ID at 8.  The appellant has not challenged the administrative judge's finding that the Board lacks IRA jurisdiction over the present appeal.

[3] On July 24, 2014, and August 3, 2014, respectively, the appellant submitted three pleadings entitled "Supplement to PFR and MEM in opp of motion to deny PFR," "Supplement to PFR and MEM in opp of motion to deny PFR part 2," and "Supplement to PFR and MEM in opp of motion to deny PFR part 3."  We have not considered these pleadings because they were filed after the record closed on review and not in accordance with the Board's procedures set forth at 5 C.F.R. § 1201.114.

Further, on August 11, 2014, the appellant filed a motion for leave to submit additional pleadings in which he asserts that he received documents on July 31, 2014, demonstrating that the Board has jurisdiction over his appeal based upon the agency's harmful procedural errors and due process violations.  PFR File, Tab 17.  Although this evidence is arguably new, because the appellant has not demonstrated how these documents would materially affect the outcome of this appeal, we DENY the appellant's motion.

[4] The agency's response is erroneously titled a "cross petition for review" because it does not challenge the administrative judge's ultimate disposition of this appeal.

¶7 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant with a career-conditional appointment has only a statutory right to appeal adverse actions to the Board under 5 U.S.C. chapter 75 if he qualifies as an employee under either prong of 5 U.S.C. § 7511(a)(1)(A). *McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342 (Fed. Cir. 2002). Under this section, an individual appointed to a competitive service position is an employee with appeal rights if he "is not serving a probationary or trial period under an initial appointment" or "has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A)(i)-(ii); *Dooley v. Department of Veterans Affairs*, 112 M.S.P.R. 110, ¶ 6 (2009).

¶8 Regarding the appellant's arguments concerning his probationary status, it is well established that the Office of Personnel Management (OPM) and the Board have determined that a full-time employee's 1-year probationary period is a calendar year, instead of the number of hours actually worked. *See Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 7 (2006) (finding that because the appellant only worked in the position for about 11 months, he was a probationary employee, even though he met his required 2,080 hours for the year). Furthermore, contrary to the appellant's argument, separation need not occur before the last actual scheduled tour of duty prior to the anniversary date. Separation must occur prior to the last possible date, the "completion of a tour of duty on the day before the anniversary date of the employee's appointment." 5 C.F.R. § 315.804(b); *see Santillan v. Department of the Air Force*, 54 M.S.P.R. 21, 26-27 (1992). Moreover, the appellant's affidavit, the Recruitment Incentive Service Agreement, and the Standard Form 50—all documents the appellant

Therefore, it is proper to treat the agency's submission as a response and not as a cross petition. *Ellis v. Department of the Navy*, 76 M.S.P.R. 102, 104 n.1 (1997).

either provided or signed—clearly indicate that the effective date of his appointment was February 11, 2013.  IAF, Tab 1 at 11, Tab 6 at 33-35.  The documents include no language that would lead the appellant to believe the effective date would be the date of signing.  Finally, because the appellant made no allegation otherwise, the administrative judge correctly found that he failed to nonfrivolously allege that he had prior qualifying federal civilian service.  ID at 5-6.  Therefore, we agree with the administrative judge that the appellant failed to nonfrivolously allege that he was an employee under 5 U.S.C. § 7511(a)(1)(A)(i) or (ii).

¶9        OPM regulations provide only limited appeal rights to probationary employees.  Probationary employees may appeal a termination for post-appointment reasons to the Board only if the termination is based on partisan political reasons or marital status; or appeal a termination for reasons arising prior to the employee's appointment if the termination was not effected in accordance with 5 C.F.R. § 315.805.  5 C.F.R. § 315.806(b)-(c); *see Merian v. Department of the Navy*, 107 M.S.P.R. 221, ¶ 4 (2007).  As such, only probationary employees terminated for pre-appointment reasons are entitled to the process the appellant identified: advance written notice of the proposed termination, reasonable time to answer and furnish supporting affidavits that the agency shall consider in reaching its decision, and notice of the adverse decision at the earliest practicable date.  5 C.F.R. § 315.805.

¶10       The appellant's allegations of agency procedural error do not confer jurisdiction on the Board in this matter because the appellant failed to allege any facts that, if proven, could establish that he was terminated for pre-appointment reasons; instead he merely inserted the text of 5 C.F.R. § 315.805 into his petition.  *See* PFR, Tab 1 at 4, Tab 2 at 5; *see also Coleman v. Department of the Army*, 106 M.S.P.R. 436, ¶ 9 (2007) (determining that pro forma allegations are insufficient to satisfy the nonfrivolous standard).  Thus, we agree with the administrative judge that the appellant failed to nonfrivolously allege that he was

terminated for pre-appointment reasons. Furthermore, the appellant did not raise any allegations of discrimination based on partisan political reasons or marital status. As a result, there is no basis to disturb the administrative judge's finding that the appellant failed to nonfrivolously allege jurisdiction under 5 C.F.R. §§ 315.805 and 315.806.

¶11  Similarly, the appellant's arguments regarding the Hawaii unemployment benefit decision, PFR File, Tab 1 at 5-6, relate to the merits of his termination and are immaterial to the issue of Board jurisdiction, *see Kellum v. Veterans Administration*, 2 M.S.P.R. 65, 67 (1980) (finding that the sufficiency and propriety of the agency's misconduct allegation against the appellant concerns substantive issues that are immaterial to the appeal, unless the Board has jurisdiction over the probationary termination). As this issue does not confer jurisdiction on the Board, the administrative judge properly found that the appellant failed to nonfrivolously allege jurisdiction.

¶12  Therefore, we DENY the appellant's petition for review and AFFIRM the administrative judge's initial decision, which dismissed the appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held

that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.